UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. RIVERS, et al.,<br><br>Defendant. | No.  2:19-cv-01484-WBS-KJN<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 11) |

Presently before the court is the United States' motion for default judgment against defendants Robert J. Rivers and Liliana Rivers. (ECF No. 11.) After defendants failed to file a timely opposition the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 15.) For the reasons discussed below, the court recommends that plaintiff's motion be GRANTED.

I.  BACKGROUND

The United States filed this action against defendants on August 2, 2019, seeking to reduce to judgment federal income tax liabilities assessed against defendants for the years 2005, 2007, 2010, 2011, 2013, 2014, and 2015. (ECF No. 1.) The complaint prays for the court to find that defendants are indebted to the United States in the amount of $216,011.48, which is the sum of the assessments from the years mentioned above, interest, and penalties. (Id. at 7.)

Defendants were both personally served with summons and complaint on September 16,

1

1  2019, making their responses due October 7, 2019, pursuant to Federal Rule of Civil Procedure

2  12(a)(1)(A)(i).  (ECF Nos. 5, 6.)  Neither defendant responded by this deadline; however, the

3  United States does state that Robert Rivers sent a letter to plaintiff's counsel stating that he would

4  "contact a tax attorney to respond with a payment of the amount due and pay the past due amount

5  as required."  (ECF No. 11 at 2.)  No further response is noted by the United States, and

6  defendants have filed nothing in this matter.  The Clerk entered default against defendants on

7  January 31, 2020.  (ECF Nos. 9, 10.)  On February 2, 2020, the United States filed a motion for

8  default judgment that is presently before the court, and defendants have not responded.  (ECF No.

9  11.)

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Additionally, although well-pleaded allegations in the

complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III.   DISCUSSION

   A.   Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

   B.   The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The court considers the second and third Eitel factors—the merits of the claims and the sufficiency of the complaint—together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

In its effort to reduce to judgment federal tax assessments against defendant, the United States filed a well-pleaded complaint that establishes (1) the statutory authority to bring this action, (2) the nature of the tax assessments and monetary amounts at issue, and (3) that the statutory notice requirements for assessing tax liabilities have been met. First, the United States is statutorily authorized under 26 U.S.C. § 7401 to bring this action on behalf of the IRS to collect outstanding federal tax liabilities pursuant to 26 U.S.C. §§ 6601, 6621 and 6622. Second, the complaint delineates in detail the nature of the tax assessments and monetary amounts. (See ECF

No. 1 at 2-4.)  Lastly, the United States asserts that it gave timely notice to defendants concerning the tax assessments as required by 26 U.S.C. § 6303.  (See id. ¶ 8.)  Plaintiff submitted certificates of assessment supporting the amounts assessed against defendants.

Accordingly, the court finds that the United States' claim against defendants is sufficiently pleaded and supported by the evidence submitted in connection with this motion, and therefore is meritorious.  The court finds that Eitel's second and third factors favor entry of default judgment.

### C. The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, the amount of money sought from defendants is substantial—the United States seeks a total amount of $216,011.48 to be reduced to judgment.  However, defendants had fair notice of this litigation and an opportunity to defend their interests, which they have not done.

Under these circumstances, the court finds that this factor, at the very least, does not militate against the entry of a default judgment

### D. The Possibility of a Dispute Concerning Material Facts

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  As such, the court concludes that the fifth Eitel factor favors a default judgment.

### E. Whether the Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that defendants' default resulted from excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Defendants had ample notice of this lawsuit:  the United States properly served defendants with process, and also

had contact with at least one defendant.  Despite such ample notice and the United States' attempt to have defendants participate in this litigation, defendants have not appeared in this action and have done nothing to defend themselves.  See Yost Declaration (ECF No. 11–4).

Accordingly, the court finds that this Eitel factor favors the entry of a default judgment.

F.     The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant in the amount of $216,011.48.

IV.     CONCLUSION

IT IS HEREBY ORDERED that within five days after these findings and recommendations are filed, plaintiff shall serve a copy of the findings and recommendations on defendants by mail at the address where service of process was effected, or at any more recent address known to plaintiff, and shall file a proof of such service forthwith.

Further, IT IS HEREBY RECOMMENDED that:

1. The United States' Motion for Default Judgment be GRANTED;

2. Default Judgment be entered against Defendants Robert and Liliana Rivers; and

3. It be found that defendants Robert and Liliana Rivers are indebted to the United States in the amount of $216,011.48, for tax years 2005, 2007, 2010, 2011, 2013, 2014, and 2015, as of February 3, 2020, plus further accrued penalties and interest accruing after that date, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), until paid.

These findings and recommendations are submitted to the United States District Judge

5

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

   IT IS SO ORDERED AND RECOMMENDED.

Dated: June 18, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1484.default F&R